IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, | )<br>) |
| Plaintiff, | ) Civil Action No. 21-0281<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) Re: ECF No. 5 |
| GEORGE C. BROMWELL, GEORGE C.<br>MILLER, HON. JUDGE CHRIS SHERER,<br>LESLIE J. SCHUPP, ANTHONY CIMINO, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER OF COURT

In this *pro se* fee-paid case, Plaintiff Lynne Thompson ("Plaintiff") has filed a motion for service of the Complaint by the United States Marshal. ECF No. 5. Plaintiff contends that she is not able to serve the Complaint because of health dangers associated with the COVID-19 pandemic. Id. at 3.

Pursuant to Federal Rule of Civil Procedure 4(c)(3) the court "may" order, in its discretion, that service be made by a United States Marshal. However, as explained in DeGenes v. Fed. Bureau of Investigation, No. CV 20-971, 2020 WL 4003660, at *1 (W.D. Pa. July 15, 2020), *reconsideration denied*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> [a]t one time, all process in federal civil litigation was served by the United States Marshals Service. FROF, Inc. v. Harris, 695 F. Supp. 827, 828–29 (E.D. Pa. 1988). In its current incarnation, however, Rule 4 has been amended to generally allow service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation. See Fed. R. Civ. P. 4(c)(2); FROF, 695 F. Supp. at 829. The purpose of this change was "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)). Thus, it is now the plaintiff who "is responsible for having the summons and

1

complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Id. (quoting Tejada v. DelBalso, No. 3:18-CV-01096, 2018 WL 6268202, at 1 (M.D. Pa. Nov. 30, 2018)). Therefore, absent compelling circumstances, Plaintiff bears the burden of service of a summons and her complaint in this landlord-tenant and eviction-related action. Compelling reasons are not presented here.

Despite the presence of COVID-19 in the community and potential risks to Plaintiff's health, Plaintiff has not shown her inability to comply with the various methods of service outlined in Federal Rules of Civil Procedure 4(c), 4(d) (waiver of service procedures), 4(e), and the Pennsylvania Rules of Civil Procedure. To that end, there is nothing in the record to suggest that Plaintiff has made any good faith effort to effectuate service of process in accordance with these rules within the time limits set forth in Rule 4(m).

Further, Plaintiff has not established that Defendants have violated federal rules issued to delay *physical eviction* or, if a violation has occurred, that this Court has jurisdiction. See e.g. Frankel v. Kessler, No. 21-CV-0093, 2021 WL 229321, at *4 (E.D. Pa. Jan. 22, 2021) (the Anti-Injunction Act, 28 U.S.C. § 2283, precludes a federal court from enjoining state court eviction proceedings.) (citations and quote marks omitted). The Court notes that Plaintiff has appealed the subject eviction proceedings to the Pennsylvania Superior Court, where the appeal remains pending.[1] Under these circumstances, the Court declines to exercise its discretion to order service of process pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure.

---

[1] https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=130%20WDA%202021&dnh=3JTBLk8SBO573VvNPKGVNw%3D%3D (last checked March 9, 2021).

Accordingly, this 10th day of March 2021, IT IS HEREBY ORDERED that the motion for service of the complaint by the United States Marshal, ECF No. 5, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

**BY THE COURT:**

**/s/ Maureen P. Kelly**
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   LYNNE THOMPSON
      2016 High Pointe Court
      Murrysville, PA