IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, | ) |
| Plaintiff, | ) Civil Action No. 21-0281 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF Nos. 2, 10 |
| GEORGE C. BROMALL, GEORGE C. MILLER, HON. JUDGE CHRIS SHERER, LESLIE J. SCHUPP, ANTHONY CIMINO, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

I.     **INTRODUCTION**

Plaintiff Lynne Thompson ("Thompson"), a frequent litigator in this Court, commenced this *pro se* action on March 1, 2021, with the filing of a Complaint challenging the validity of state court residential eviction proceedings. That same day, Thompson filed an "Emergency Motion of Immediate Relief of Injunction to Rescind Court Order of February 1, 2021." ECF No. 2. Late yesterday, she filed a second "Emergency Motion for Immediate Stay Due to Pending Injunction Already Filed from this Within Action." ECF No. 10. Having reviewed the motions, the record of the case, and the relevant legal authority, the Court will deny both motions.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Defendants George C. Bromall ("Bromall") and George C. Miller ("Miller") entered an appearance and filed a Motion to Dismiss Complaint. ECF No. 7. In the Motion to Dismiss, Defendants Bromall and Miller also move to dismiss Plaintiff's Motion for Injunctive Relief. Id. at 4. Therefore, the Court treats Thompson's motions as requesting preliminary injunctions pursuant to Rule 65(a) as to these Defendants. Plaintiff states that she has served Defendants Hon.

Judge Chris Sherer, Leslie J. Schupp and Anthony Cimino by mail on or about March 1, 2021, ECF No. 9. However, because service may not have been effectuated in accordance with applicable law and because an appearance has not been entered on behalf of these parties, the Court treats Thompson's motions as to these Defendants as *ex parte* applications for temporary restraining orders ("TRO") pursuant to Federal Rule of Civil Procedure 65(b).

Thompson commenced this action pursuant to 42 U.S.C. § 1983 against her landlord Defendant Bromall; his attorney, Defendant Miller; real estate agents Defendants Leslie J. Schupp and Anthony Cimino; and Judge Chris Scherer, Pennsylvania Court of Common Pleas of Westmoreland County (collectively, "Defendants"). In her Complaint, Thompson alleges that Defendants, acting under color of law, violated the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, as well as an order "issued by President Biden" imposing a moratorium on residential evictions because of the COVID-19 pandemic. ECF No. 1 at 4, 6-8. Thompson claims that eviction proceedings and state court orders are unlawful and that she is subject to an order requiring her to vacate the premises today, April 21, 2021. ECF No. 10. The order, entered on April 1, 2021, as well as the state court proceedings are the subject of a contemporaneous state court appeal.

The orders issued by the state court in Thompson's eviction proceedings are attached to Thompson's Complaint and reflect that she has been a tenant at property located at 2016 High Pointe Court, Murrysville, PA 15668. The docket of her landlord-tenant proceedings reveals that Defendant Bromall filed a complaint for eviction on June 12, 2020, and to recover past due rent in the amount of $16,900.[1] Judgment was entered awarding possession of the premises to Bromall on July 27, 2020. The state court then issued a stay of the eviction that expired on August 31,

---

[1] https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-10302-LT-0000012-2020&dnh=5MhKLRrDXctQzTRQuo%2FE0g%3D%3D

2020. Thompson did not request a continuance of the stay, nor did she timely appeal the judgment against her.

Thompson thereafter sought to delay eviction relying on an Order issued September 4, 2020 by the United States Centers for Disease Control and Prevention ("CDC") temporarily halting evictions through the end of 2020 due to the COVID-19 pandemic. ECF No. 1-2. As summarized in the state trial court's order dated January 8, 2021, Thompson provided Bromall with documentation to establish that the CDC stay applied to her. Bromall challenged Thompson's status as a covered person within the definition set forth by the CDC Order. The trial court ruled in favor of Bromall because Thompson failed to provide evidence that the moratorium applied to her. In particular, she "failed to provide any evidence that she utilized her best efforts to obtain government assistance for rent, that her expected income falls within the applicable range, that she is unable to pay the rent due to a loss set forth in the guidelines, that she used her best efforts to make timely partial payments that are close to the full payment as no payments at all have been made since June 2020 and Defendant was already in arrears at that time, or that eviction would likely render her homeless as the testimony provided to [the] Court indicated that [Thompson] owned other properties through a company named Revive Pittsburgh, LLC." ECF No. 1-2 at 4-5. As a result, the trial court ordered Thompson to vacate the premises on or before January 31, 2021 and granted Bromall access to assess the condition of the property on January 8, 2021. Id.

Thompson appealed the trial court's order to the Pennsylvania Superior Court and filed a motion for reconsideration and stay in the trial court.[2] ECF No. 1-2 at 2-3. The trial court denied reconsideration but granted a stay conditioned on Thompson's payment of $2600 each month. Id.

---

[2] Thompson's appeal to the Pennsylvania Superior Court is docketed at:
https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=130%20WDA%202021&dnh=3JTBLk8SBO5
73VvNPKGVNw%3D%3D (last checked April 21, 2021).

Thompson confirmed she could make the necessary payments and a stay was entered on February 1, 2021. Id. Thompson followed with the filing of this federal action challenging the eviction proceedings on March 1, 2021 and filed a motion in the Pennsylvania Superior Court to remove her appeal to this Court. The Superior Court denied the motion and, on March 29, 2021, the Superior Court entered an Order to Show Cause why the appeal should not be dismissed for failure to timely appeal from the magistrate order granting possession to Defendant Bromall. The Superior Court show cause order also requests Thompson's response to its determination that on the record before it, Thompson has no right, title or interest that would permit her to remain in the subject property, rendering her requested relief impossible to grant. See fn 2. Thompson requested and was granted an extension of time to file her response to the Order to Show Cause. Id.

The pending first Emergency Motion for Injunctive Relief in this Court requests an order rescinding the state court's eviction order and precluding retaliation by any named Defendant. ECF No. 2. Through the Emergency Motion for Immediate Stay, Thompson now contends that the property is not subject to a rental agreement, but a purchase agreement, and that repossession by Bromall is not authorized by any court order. ECF No. 10 ¶3.

In response to Thompson's motion for injunctive relief, Bromall and Miller present the Motion to Dismiss raising, *inter alia*, the Anti-Injunction Act, 28 U.S.C. § 2283, which precludes a federal court from enjoining state court eviction proceedings. ECF No. 7. In addition, Bromall and Miller filed a response to the Emergency Motion to Stay. ECF No. 11. The response reports to this Court that after presentation and argument yesterday, April 20, 2021, the Court of Common Pleas of Westmoreland County denied a similar motion for emergency relief, finding the previously issued writ of possession for nonpayment of rent in full force and effect. Id. at 2, 8.

### III.   STANDARD OF REVIEW

Whether Thompson's motion is considered one for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) or as a motion for preliminary injunction pursuant to Rule 65(a), the court applies the same legal standard.  See Scott v. Fam. Dollar Stores, No. 2:20-CV-00773, 2020 WL 7296780, at *3 (W.D. Pa. Dec. 11, 2020), *reconsideration denied*, No. 2:20-CV-00773, 2021 WL 456199 (W.D. Pa. Jan. 7, 2021) (citing Trefelner v. Burrell Sch. Dist., 655 F. Supp. 2d 581, 589 (W.D. Pa. 2009) and Messner v. Bunner, No. 07-00112, 2009 WL 1406986, at *2 (W.D. Pa. May 19, 2009)). "To prevail on a motion for injunctive relief, … a moving party must demonstrate that '(A) they are likely to succeed on the merits of their claims, (B) they are likely to suffer irreparable harm without relief, (C) the balance of harms favors them, and (D) relief is in the public interest.'" Scott, 2020 WL 7296780, at *3 (quoting Issa v. Sch. Dist. of Lancaster, No. 16-3528, 2017 WL 393164, at *6 (3d Cir. Jan. 30, 2017)).  In evaluating the merits of Thompson's motion the Court must also consider the relief requested, for injunctive relief "is an extraordinary remedy and should be granted only in limited circumstances." Kos Pharmaceuticals v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).

Service as to certain defendants may not have been properly effectuated; thus, "in addition to demonstrating the four factors outlined above, to obtain a TRO by way of an *ex parte* motion, [she] must certify 'in writing any efforts made to give notice [to the nonmoving party] and the reasons why it should not be required.'" Scott, 2020 WL 7296780, at *3 (quoting Fed. R. Civ. P. 65(b)(1)).  Thompson has not proffered the necessary certification regarding notice to Defendants Schupp, Cimino, or the Honorable Chris Scherer, and on those grounds alone, the motions may be denied.

Had service been lawfully carried out, the Anti-Injunction Act, 28 U.S.C. § 2283 prohibits the requested relief due to the existence of pending state court proceedings. Accordingly, Thompson's motion for injunctive relief must be denied without consideration of the merits or equities presented by her claims.

## IV. DISCUSSION

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The identified exceptions do not apply here.

First, without clear statutory authorization by Congress, the Anti-Injunction Act precludes the requested relief. See Oliver v. Ricci, No. 17-cv-40, 2017 WL 255623, at *3 (E.D. Pa. June 13, 2017) ("it is settled law that th[is] exception comes into play only when a statute clearly creating a federal right or remedy enforceable in a federal court of equity [] could be given its intended scope only by the stay of a state court proceeding.") (internal quotation marks and citations omitted). Here, Thompson's Fair Housing Act claim and the effect of the CDC Order, if any, have been raised as defenses to her eviction in her state court proceedings and given due consideration. ECF No. 1-2. Her appeal of the trial court order remains pending and will present an opportunity to argue the propriety of her eviction in the face of the federal moratorium.

As much as Thompson raises the CDC order in lieu of Congressional action, the materials accompanying the moratorium plainly state that "[t]he Order is not intended to terminate or suspend the operations of any state or local court. Nor is it intended to prevent landlords from starting eviction proceedings, provided that the actual eviction of a covered person for non-payment of rent does NOT take place during the period of the Order." See HHS/CDC Temporary

Halt in Residential Evictions to Prevent the Further Spread of COVID-19 Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf; and see, https://www.cdc.gov/coronavirus/2019-ncov/more/pdf/CDC-Eviction-Moratorium-03292021.pdf, extending Order to June 30, 2021.  Given the CDC's clear pronouncement of its intent not to preclude evictions proceedings, federal courts that have considered identical requests for relief have held that the Anti-Injunction Act "precludes a federal court from enjoining state court eviction or foreclosure proceedings." Frankel v. Guzman, No. 20-5208, 2020 WL 6161512, *2 (E.D. Pa. Oct. 21, 2020) (quoting McMillian v. Nationstar Mrtg. Co., No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020)).

The second exception, related to injunctions "necessary in aid of its jurisdiction," applies only when the state court proceedings "so interfere with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility to decide that case." Jaye v. Att'y Gen. New Jersey, 706 F. App'x 781, 784 (3d Cir. 2017) (quoting 1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers, 968 F.2d 401, 408 (3d Cir. 1992) (internal quotation marks omitted)). "Courts have held that this second exception is applicable when a plaintiff cannot present his or her federal claims in the state court eviction proceeding." Frankel, 2020 WL 6161512, *2.  Thompson cannot establish that the circumstances of this case meet this standard.  Thompson has argued the applicability of the CDC Order to her eviction in the pending state court proceedings and is appealing the trial court's determination that she is not a "covered person" for whom physical eviction is suspended.

Finally, the third exception to the Anti-Injunction Act permits an injunction "to protect or effectuate [the federal court's] judgments," only applies "where an issue has been previously

7

presented to and decided by the federal court." Oliver, 2017 WL 2559623, *3. No federal court has addressed the merits of Thompson's claims and thus the third exception does not apply.

V. **CONCLUSION**

Because the Anti-Injunction Act prohibits this Court from granting the relief Thompson requests, the Court need not address whether she otherwise satisfies the requirements for an injunction terminating or vacating her pending state court eviction proceedings, and the motions for injunctive relief must be denied. An appropriate Order follows:

**ORDER**

Upon consideration of Plaintiff Lynne Thompson's Emergency Motion of Immediate Relief of Injunction to Rescind Court Order of February 1, 2021, ECF No. 2, and the Emergency Motion for Immediate Stay Due to Pending Injunction Already Filed From this Within Action, ECF No. 10, and the record and exhibits filed on the docket of this matter, IT IS HEREBY ORDERED this 21st day of April 2021, that the motions are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF

        LYNNE THOMPSON
        2016 High Pointe Court
        Murrysville, PA 15668